IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| Israel a/k/a Cory Alexander - Lee Wiggins, )<br>Petitioner, )<br>)<br>v. )<br>)<br>Sussex I State Prison, )<br>Respondent. ) | 1:10cv678 (CMH/TRJ) |

F I L E D
JUL - 2 2010
CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VIRGINIA

## MEMORANDUM OPINION AND ORDER

Israel a/k/a Cory Alexander - Lee Wiggins, a Virginia inmate proceeding pro se, has filed a petition seeking an "International Writ of Habeas Corpus" ostensibly pursuant to Article 36 of the Statute of the International Court of Justice. Petitioner asserts that the State of Israel is represented by "Head of the Mission" Yashua the Christ, who in turn has "authorized charge d'affaires Cory Alexander - Lee Wiggins" to send and receive mail on Israel's behalf at petitioner's place of incarceration, Sussex I State Prison. Apparently, petitioner intends to claim that Israel "holds paramount legal title to the corpus of this claim," the "corpus" being petitioner himself, and that Sussex I State Prison's continued detention of the "corpus" amounts to "interference with the functions of Israel's diplomatic mission." Therefore, petitioner concludes, "Israel seeks a remedy."

This petitioner previously filed actions in the Eastern District of Virginia. which revealed that he is serving sentences imposed on his by the Circuit Courts of Chesapeake, Norfolk, Hampton, and Virginia Beach, Virginia. Alexander v. Kelly, Case No. 1:07cv1149 (CMH/TRJ).Title 28 U.S.C. § 2254 provides the exclusive statutory basis for a litigant's right to apply to federal court for relief from a conviction or sentence entered by a state court. Preiser v. Rodriguez, 411 U.S. 475 (1973);

Bruce v. Commonwealth of Virginia, 850 F.2d 688, 1988 WL 67852 (E. D. Va. 1988).[1] In turn, § 2254 relief is available only where a petitioner's conviction was entered in violation of his rights guaranteed by the federal Constitution or laws. Preiser, 411 U.S. at 475. In this case, petitioner makes no such allegations, choosing to rely instead on the theory that he is unlawfully detained because he is the property of the State of Israel. Under other circumstances, a pro se litigant like petitioner would be provided with an opportunity to particularize and amend his allegations to attempt to state a cognizable claim for relief, but here such a step patently would be futile. After petitioner's § 2254 application in case number 1:07cv1149 was dismissed with prejudice on the merits, he filed a successive § 2254 petition in case number 1:09cv916 (CMH/JFA). That later petition was dismissed without prejudice to petitioner's right to move a panel of the United States Court of Appeals for the Fourth Circuit for an order authorizing this Court to consider the petition, but no such authorization was forthcoming. Here, then, even if petitioner were to particularize and amend his allegations to state a cognizable claim for relief under § 2254, the petition still would be subject to dismissal without prejudice as successive pursuant to 28 U.S.C. § 2244(b).

Under Rule 4 of the Rules Governing § 2254 Cases, "[i]f it plainly appears from the petition and any attached exhibits that petitioner is not entitled to relief in the district court, the judge must dismiss the petition." Here, because it plainly appears from the face of the petition that petitioner is not entitled to federal habeas relief for the claim is asserts, this petition will be dismissed pursuant to the preliminary consideration provision of Rule 4.

---

[1] It is within the province of a court to take judicial notice of its own records in connection with the allegations of a § 2254 application. Slaughter v. Wright, 135 F.2d 613 (4th Cir. 1943).

Accordingly, it is hereby

ORDERED that this petition be and is DISMISSED WITH PREJUDICE pursuant to Rule 4 of the Rules Governing § 2254.

To appeal, petitioner must file a written notice of appeal with the Clerk's Office within thirty (30) days of the date of this Order. A written notice of appeal is a short statement stating a desire to appeal this Order and noting the date of the Order petitioner wants to appeal. Petitioner need not explain the grounds for appeal until so directed by the court. Petitioner must also request a certificate of appealability from a circuit justice or judge. See 28 U.S.C. § 2253 and Fed. R. App. P. 22(b). For the reasons stated above, this Court expressly declines to issue such a certificate.

The Clerk is directed to send a copy of this Order to petitioner and a courtesy copy of this Order and the petition to the Attorney General of Virginia on behalf of respondent, pursuant to Rule 4 of the Rules Governing § 2254, and to close this civil case.

Entered this 2nd day of July 2010.

/s/
Claude M. Hilton
United States District Judge

Alexandria, Virginia